# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2022

Lyle W. Cayce
Clerk

No. 21-51056
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONITA DESIRRAE BROWN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-41-4

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

In 2007, Jonita Desirrae Brown pleaded guilty to possessing with intent to distribute 50 grams or more of cocaine base within 1,000 feet of an elementary school and playground, and the district court sentenced her to 135 months of imprisonment and 10 years of supervised release. In 2014, the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

district court reduced Brown's term of imprisonment to 120 months under 18 U.S.C. § 3582(c)(2).   In August 2021, Brown's probation officer petitioned the district court to revoke her supervised release, alleging that Brown violated her conditions of supervised release by committing a new law violation and by using alcohol and drugs.   The district court revoked supervised release and sentenced Brown to an above-guidelines maximum sentence of 60 months of imprisonment; it did not order a further term of supervised release.

Brown appeals, arguing that her revocation sentence is plainly unreasonable because the district court failed to articulate any fact-specific reasons for imposing the maximum sentence.   Sentences imposed upon revocation of supervised release are reviewed under the plainly unreasonable standard.   *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).   In conducting this review, we follow many of the same considerations that are employed in the review of original sentences but provide more deference to revocation sentences than to original sentences.   *See id.* at 843-44.

Here, the district court adequately explained its chosen sentence, *see Rita v. United States*, 551 U.S. 338, 356 (2007), and there is no indication in the record that a more thorough explanation would have resulted in a different sentence, *see United States v. Mondragon-Santiago*, 564 F.3d 357, 361-64 (5th Cir. 2009).   Further, the court relied on appropriate 18 U.S.C. § 3553(a) factors in determining that a 60-month sentence was warranted.   It addressed Brown's history on supervised release, which included several modifications to the conditions to account for Brown's struggles with alcohol and drug abuse, and concluded that the maximum sentence was appropriate in light of Brown's history and characteristics, her likelihood of recidivism, the need to deter her from criminal conduct, and the duty to protect the public from Brown's crimes.   *See* § 3553(a)(1), (a)(2)(B)-(D); § 3583(e)(3); *United States v. Warren*, 720 F.3d 321, 332-33 (5th Cir. 2013).   We have

No. 21-51056

routinely upheld revocation sentences exceeding the recommended guidelines range, even where the sentence is the statutory maximum. *See, e.g.*, *United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012). The fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted).

Accordingly, the judgment of the district court is AFFIRMED.